IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO LEE, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | NO. |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER MATTHEW | ) | |
| McDONOUGH, STAR #16586, and CHICAGO | ) | |
| POLICE OFFICER R.A. DELCID, STAR | ) | |
| #19548, | ) | |
|     **Defendants.** | ) | **JURY DEMAND** |

## COMPLAINT AT LAW

NOW COMES, ANTONIO LEE, by and through his attorneys, MICHAEL D. ROBBINS, MICHAEL D. ROBBINS & ASSOCIATES, and in complaining of the Defendants, CHICAGO POLICE OFFICERS MATTHEW McDONOUGH, STAR #16586, and R.A. DELCID, STAR #19548, states as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, ANTONIO LEE, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICERS MATTHEW McDONOUGH, STAR #16586, and R.A. DELCID, STAR #19548, were at all times material hereto, duly appointed

Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On the morning of July 13, 2008, the Plaintiff was walking on the sidewalk at about 5900 West on Chicago Avenue, in Chicago, Illinois. Plaintiff stopped to speak with an acquaintance.

6. While Plaintiff was in the vicinity of the 5900 West block of Chicago Avenue, Defendant DELCID and other officers were conducting a surveillance operation in the area.

7. At no time on the date in question, did the Plaintiff commit a criminal offense, nor did the Plaintiff engage in any conduct which would reasonably give rise to the belief that the Plaintiff was engaged in criminal activity.

8. Notwithstanding the foregoing, Defendant DELCID falsely claimed the Plaintiff had engaged in a drug transaction, and directed Defendant McDONOUGH and other officers present in the area, to arrest the Plaintiff.

9. DEFENDANT OFFICER McDONOUGH approached the Plaintiff and, without cause or justification, put his arm around Plaintiff's throat, choked the Plaintiff, and threw him to the ground. The Plaintiff was thereupon handcuffed, physically abused, searched and arrested.

10. The Plaintiff was transported to the 015th District where he was charged with Possession of Heroin with intent to deliver.

11. The Plaintiff was subsequently transported to the Cook County Department of Corrections, where he was held on the baseless charges placed against him by the Defendant Officers.

12. On January 6, 2009, following a hearing, a Circuit Court Judge found there was no probable cause for Plaintiff's arrest, and the Plaintiff's Motion to Quash Arrest and Suppress

Evidence was sustained. Subsequently, the charges placed against the Plaintiff by Defendants were dismissed on motion of the State's Attorney's Office.

13. Plaintiff remained in custody for approximately six months, because he was unable to post bond, while the criminal charges were pending against him.

## COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

14. Plaintiff re-alleges and incorporates paragraphs 1-13 as fully stated herein.

15. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause, which resulted in Plaintiff's incarceration for approximately six months in the Cook County Department of Corrections.

16. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

17. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### State Law Claim: Malicious Prosecution

18. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

19. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury and all such proceedings were terminated in Plaintiff's favor in a manner consistent with the Plaintiff's innocence.

20. DEFENDANT OFFICERS accused Plaintiff of criminal activity, despite the fact that

they knew the accusations were baseless, that the Plaintiff had been arrested without probable cause. Defendants made written and other statements with the intent of exerting influence to institute and continue judicial proceedings which were false and made with actual malice.

21. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

22. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

23. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

24. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

### COUNT III
### 42 U.S.C. § 1983: Excessive Force

25. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

26. The acts of DEFENDANT OFFICER McDONOUGH were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

27. As a result of the unreasonable and unjustifiable excessive force used by the

DEFENDANT OFFICER McDONOUGH, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## REQUEST FOR RELIEF

28. Plaintiff, ANTONIO LEE, respectfully requests that the Court:

   a. Enter judgment as to each claim in his favor and against Defendants, CHICAGO POLICE OFFICERS McDONOUGH and DELCID;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICERS McDONOUGH and DELCID;

   c. Award reasonable attorneys' fees against Defendants, CHICAGO POLICE OFFICERS McDONOUGH and DELCID;

   d. Award punitive damages against CHICAGO POLICE OFFICERS McDONOUGH and DELCID; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, ANTONIO LEE, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Michael D. Robbins
MICHAEL D. ROBBINS
Attorney for Plaintiff

Michael D. Robbins
Michael D. Robbins & Associates
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 899-8000
Fax: (312) 781-9123